UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

VS.    CASE NOS. 5:14-cr-16-JA-PRL
    5:20-cr-39-JA-PRL

CHRISTOPHER MAURICE
MCCALLUM, JR.

## ORDER

Before the Court are Defendant Christopher Maurice McCallum, Jr.'s motions for sentence reductions under 18 U.S.C. § 3582(c)(1)(A). (No. 5:14-cr-16, Doc. 141; No. 5:20-cr-39, Doc. 69). McCallum seeks sentence reductions in both of his federal criminal cases under Amendment 821 to the Sentencing Guidelines, which applies to certain zero-point offenders and limits the use of status points. *See United States v. Arroyo-Mata*, 730 F. Supp. 3d 1323, 1323 (N.D. Ga. 2024) (stating that Amendment 821 "provides a two-offense level reduction for defendants with zero criminal history points"); *see also United States v. Vente-Orobio*, No. 19-20042-CR, 2024 WL 1016110, at *2 (S.D. Fla. Mar. 8, 2024).

The Federal Public Defender, who was appointed for these proceedings, submits memorandums (No. 5:14-cr-16, Doc. 151; No. 5:20-cr-39, Doc. 80) detailing that McCallum is ineligible for a sentence reduction in his earlier

criminal case, No. 5:14-cr-16, because he is serving a term of imprisonment pursuant to a revocation of supervised release and a reduction of a revocation sentence is not permitted, *see* U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n.8(A) (U.S. SENT'G COMM'N 2025); and in his later criminal case, No. 5:20-cr-39, because Amendment 821 "would not change his criminal history category" of VI. (No. 5:14-cr-16, Doc. 151 at 3; No. 5:20-cr-39, Doc. 80 at 3); *see United States v. Cecili*, No. 17-20673-CR, 2024 WL 36138, at *2 (S.D. Fla. Jan. 3, 2024) (finding that because Amendment 821's status-point adjustment did not change the defendant's criminal history category, his guideline range was the same, and thus he was "ineligible for a sentence reduction"). And in both cases, Amendment 821 is not applicable because it only applies where a defendant was originally sentenced with zero criminal history points.

Thus, McCallum's motions for sentence reductions (No. 5:14-cr-16, Doc. 141; No. 5:20-cr-39, Doc. 69) are **denied**.

**DONE** and **ORDERED** on January 9, 2026.

								_____
								JOHN ANTOON II
								United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Christopher Maurice McCallum, Jr.
Counsel for Defendant